**Rule 3.1. Extrajudicial Activities in General**

Judges shall regulate their extrajudicial activities to minimize the risk of conflict with their judicial duties and to comply with all provisions of this Canon. However, a judge shall not:

(A)     participate in activities that will interfere with the proper performance of the judge's judicial duties;

(B)     participate in activities that will lead to frequent disqualification of the judge;

(C)     participate in activities that would reasonably appear to undermine the judge's independence, integrity, or impartiality;

(D)     engage in conduct that would reasonably appear to be coercive; or

(E)     make use of court premises, staff, stationery, equipment, or other resources, except for incidental use for activities that concern the law, the legal system, or the administration of justice, or unless such additional use is permitted by law.

*Comment*

[1]     To the extent that time permits, and judicial independence and impartiality are not compromised, judges are encouraged to engage in appropriate extrajudicial activities. Judges are uniquely qualified to engage in extrajudicial activities that concern the law, the legal system, and the administration of justice, such as by speaking, writing, teaching, or participating in scholarly research projects. In addition, judges are permitted and encouraged to engage in educational, religious, charitable, fraternal or civic extrajudicial activities not conducted for profit, even when the activities do not involve the law. See Rule 3.7.

[2]     Participation in both law-related and other extrajudicial activities helps integrate judges into their communities, and furthers public understanding of and respect for courts and the judicial system.

[3]     Discriminatory actions and expressions of bias or prejudice by a judge, even outside the judge's official or judicial actions, are likely to appear to a reasonable person to call into question the judge's integrity and impartiality.

Examples include jokes or other remarks that demean individuals based upon their race, sex, gender **identity or expression**, religion, national origin, ethnicity, disability, age, sexual orientation, or socioeconomic status. For the same reason, a judge's extrajudicial activities must not be conducted in connection or affiliation with an organization that practices invidious discrimination. See Rule 3.6.

[4]     While engaged in permitted extrajudicial activities, judges must not coerce others or take action that would reasonably be perceived as coercive.

[5]     Paragraph (E) of this Rule is not intended to prohibit a judge's occasional use of office resources, such as a telephone, for personal purposes.

**Rule 3.6. Affiliation with Discriminatory Organizations**

(A)    A judge shall not hold membership in any organization that practices invidious discrimination on the basis of race, sex, gender **identity or expression**, religion, national origin, ethnicity, disability or sexual orientation.

(B)    A judge shall not use the benefits or facilities of an organization if the judge knows or should know that the organization practices invidious discrimination on one or more of the bases identified in paragraph (A). A judge's attendance at an event in a facility of an organization that the judge is not permitted to join is not a violation of this Rule when the judge's attendance is an isolated event that could not reasonably be perceived as an endorsement of the organization's practices.

*Comment*

[1]    A judge's public manifestation of approval of invidious discrimination on any basis gives rise to the appearance of impropriety and diminishes public confidence in the integrity and impartiality of the judiciary. A judge's membership in an organization that practices invidious discrimination creates the perception that the judge's impartiality is impaired.

[2]    An organization is generally said to discriminate invidiously if it arbitrarily excludes from membership on the basis of race, sex, gender **identity or expression**, religion, national origin, ethnicity, disability or sexual orientation persons who would otherwise be eligible for admission. Whether an organization practices invidious discrimination is a complex question to which judges should be attentive. The answer cannot be determined from a mere examination of an organization's current membership rolls, but rather, depends upon how the organization selects members, as well as other relevant factors, such as whether the organization is dedicated to the preservation of religious, ethnic, or cultural values of legitimate common interest to its members, or whether it is an intimate, purely private organization whose membership limitations could not constitutionally be prohibited.

[3]    When a judge learns that an organization to which the judge belongs engages in invidious discrimination, the judge must resign immediately from the organization.

[4]    A judge's membership in a religious organization as a lawful exercise of the freedom of religion is not a violation of this Rule.

[5]    This Rule does not apply to national or state military service.